This fifth amendment taking claim is before us on defendant’s motion for summary judgment, or to dismiss for stating only a tortious claim. Plaintiff landowners complain that defendant established a "Greenbelt” so-called, adjacent to Hill Air Force Base, in a manner that constituted a taking of land including plaintiffs, located within the "Greenbelt.” Defendant’s purpose was to prevent residential development near the base that might in future lead to restrictions of base operations. There is some conflict between the petition and plaintiffs’ affidavit in support, the former asserting that the aircraft noise was not of a level or pattern to justify the "Greenbelt,” while *687 the latter speaks of direct overflights to as many as 50 a day, with decibels at least 120.
Defendant’s officers allegedly worked to frighten local interests that the base might be closed, and thereby to obtain zoning to prevent residential development on the "Greenbelt.” Government financing was denied to prospective developments on the ground of the noise levels there.
In view of NBH Land Co. v. United States, ante at 41, and De-Tom Enterprises, Inc. v. United States, 213 Ct. Cl. 362, 552 F.2d 337 (1977), we cannot say that defendant’s ground activities relating to the proposed "Greenbelt” here constituted takings by the United States, according to the most favorable view of the plaintiffs’ case. No authorized steps to establish easements were ever taken, only publicity and persuasion, approaches to local planning and zoning bodies, and possibly, to federal financing agencies. We cannot dismiss the petition, however, because we are not convinced that the plaintiffs do not have a taking case based on the overflights, in view of United States v. Causby, 328 U.S. 256 (1946). Defendant rightly points out the inconsistency of the petition with a Causby theory of the case, but the Trial Division can see to it that before proceeding further, plaintiffs amend their pleading to conform to their proofs. Rule 39(b).
Accordingly, on the briefs and documents submitted by the parties, but without oral argument, the defendant’s motion for summary judgment or to dismiss is denied.