Plaintiffs are the owners of a tract of undeveloped land in Marin County, California. On July 7, 1976, the Government brought a condemnation suit in the Northern District of California to take fee title to the land which was to be acquired for the purposes of the Golden Gate National Recreational Act, 16 U.S.C. § 460bb et seq. After trial a jury awarded compensation of $3,799,400. Judgment was entered in this amount on November 7, 1977 (United States v. 156.81 Acres of Land, etc., No. C-76-1441-ACW (N.D. *980 Cal.)), and has since been paid (together with post-judgment interest). The present suit, involving the very same land, was filed in this court in October 1977. The claim here is that the District Court condemnation award compensated plaintiffs only for the undeveloped status of the land as of 1977, and that the United States had previously taken by inverse condemnation (from 1973 to 1977) temporary interests in the land for which plaintiffs are entitled to compensation but which they did not receive through the District Court condemnation action.
The allegations of the petition (and plaintiffs’ other documents) in this court, are, in summary form, that (a) the United States, during all the years involved, plannned to acquire plaintiffs’ land (together with other parcels), but delayed bringing the condemnation suit until July 1976; (b) plaintiffs have long desired to develop and subdivide the property for residential purposes; (c) plaintiffs have repeatedly applied since 1972 to the City of Sausalito (the pertinent entity within Marin County) for authorization to subdivide and develop the land; (d) these applications have consistently been denied; (e) the Federal Government has consistently asked, encouraged and put pressure on the City to deny the applications, and the denials of the applications were caused by these activities of the Federal Government; (f) the purpose of these federal activities was to keep down the amount to be paid for plaintiffs’ land, on condemnation or acquisition, to the value of undeveloped land; and (g) as a result the plaintiffs were unable to obtain fair market value or a fair return — based on the capability of the land for development — for the property during the period from 1973 to 1977, and have never been compensated for that value.
The defendant has now moved for partial summary judgment; this motion accepts (for the purpose of the motion only) the plaintiffs’ assertions as to the federal activities with respect to plaintiffs’ efforts to obtain authorization to develop their property, but urges that there would be no Fifth Amendment taking compensable in this court even if those allegations were all proven to be true. The motion for partial summary judgment which is now before us, expressly excludes and does not cover plaintiffs’ separate assertion that, in March 1976, the *981 United States blocked access to the property and thereafter exercised domination and control over it and treated it as a part of the Golden Gate National Recreation Area.[1]
We agree with defendant that our prior decisions demonstrate that plaintiffs’ allegations as to the Federal Government’s efforts to influence or prevent the City of Sausalito from permitting plaintiffs to develop the property do not ground any claim allowable in this court. In the very similar case of De-Tom Enterprises, Inc. v. United States, 213 Ct. Cl. 362, 552 F.2d 337 (1977), we pointed out first that, if the contention is that the Government acted wrongfully in influencing the local entity, that would be a tortious claim over which we have no jurisdiction. We then said that, if the position is that the Government took the claimant’s property (without paying just compensation) by persuading the local body not to change the zoning, that was not a proper claim because, where (as here) there is no physical invasion of or damage to a claimant’s property by the United States or its authorized agents, the Federal Government can be held responsible for a Fifth Amendment taking only when its own regulatory activity is sufficiently extensive or intrusive, but not where its only conduct is to convince a state or local agency to impose or continue a burden. In the latter instance it is the non-federal agency which adopts, and has the power to adopt, the allegedly injurious course, and the Federal Government plays solely the role of an affected influential landowner trying to persuade the non-federal body to accept the federal position.[2]
Comparable principles were applied in NBH Land Co. v. United States, 217 Ct. Cl. 41, 576 F. 2d 317 (1978); Nalder v. United States, 217 Ct. Cl. 686 (1978); and Grasso v. United States, 218 Ct. Cl. 717 (1978). As pointed out in NBH Land Company, supra, it does not constitute a taking that defendant’s officials "notified the local people of their plan, *982 and urged that the local plans conform,” nor does the existence of an intention to take or a threat of condemnation constitute, in itself, a taking.
Drakes Bay Land Co. v. United States, 191 Ct. Cl. 389, 424 F. 2d 574 (1970), on which plaintiffs rely, was quite different from the aspect of the present case which is now before us. There, blockage by defendant of all public road access to the claimant’s property "was a key factor in determining taking by the United States.” Hilkovsky v. United States, 205 Ct. Cl. 460, 466, 504 F. 2d 1112, 1114 (1974).[3] Similarly, Benenson v. United States, 212 Ct. Cl. 375, 548 F. 2d 939 (1977), involved federal restraints and regulations directed specifically at Benenson’s property.
Thus, plaintiffs have no Fifth Amendment claim founded on federal efforts to persuade the City of Sausalito or Marin County to act so as to retain the land in its undeveloped state. It may conceivably be that in the condemnation suit the jury should have considered the capability of the land for development and its value (if any) for that purpose[4] — perhaps on the theory that diminution in value resulting from the project for a Golden Gate National Recreation Area should be excluded from the appraisal of the land’s worth, United States v. Reynolds, 397 U.S. 14, 16 (1970)—but that is and was a matter for the condemnation suit, not for this court in the present proceeding founded on the independent postulate of prior temporary takings from 1973 to 1977.
it is therefore ordered, without oral argument, that defendant’s motion for partial summary judgment is granted.[5]

 Defendant denies this allegation but concedes that it raises a material issue of fact which will have to be resolved in the Trial Division.

 Plaintiffs try to distinguish De-Tom by saying that in that case there was no claim that the local action was unlawful, while here plaintiffs have brought state suits against the local bodies challenging the failure to permit plaintiffs to develop. These suits have been pending for some time and are as yet undecided, but the significant factor is that in De-Tom this court’s alternative holding (which we follow in the present case) explicitly assumed the unlawfulness of that local body’s action.

 There was also other conduct by federal officials with direct impact upon that claimant’s land and interests, as well as a refusal by the Federal Government to institute condemnation proceedings or otherwise acquire the tract with compensation to the owners.

 Defendant says that the jury did consider this factor, which plaintiffs deny.

 By granting the.motion for summary judgment, we do not preclude plaintiffs, in proving their separate contention that in March 1976 the Government blocked access to their property and thereafter exercised domination and control over it and treated it as a part of the Golden Gate National Recreation Area, from invoking or using the federal activities with respect to the City of Sausalito and the County of Marin in order to show a federal purpose to take the property by the physical acts asserted in this separate contention. However, the predicate of this caveat is proof by plaintiffs of the physical acts alleged by them in paragraph 19 of their "Contentions of Fact.”